## H. & C. NEWMAN ET AL. *v.* J. M. BLACK ET AL.

ASSIGNMENT FOR CREDITORS. *Partial assignment by its terms. Property omitted therefrom. Exempt property. Preferences. Code of* 1892, § 124.

A merchant's assignment of all his mercantile assets, worth not exceeding $2,500, that is a partial assignment by its terms, cannot be treated as a general one on the ground that it includes substantially all of his property, when 168 acres of land, two head of cattle, $175 and certain exempt property are omitted therefrom; and the preferences created thereby are not void for noncompliance with the statute in relation to general assignments.

FROM the chancery court of the second district of Hinds county.

HON. H. C. CONN, Chancellor.

The property of the debtor not included in the assignment was the following: Two cows, worth $25; two cows, and their calves, worth $35; 150 pounds of pork, worth $7.50; fifty bushels of corn, worth $25; a mule, worth $75; a wagon, worth $18; a check for $25; $150 in money; his household and kitchen furniture, and a third interest in 168 acres of land, and his homestead in Bolton, Miss., worth $1,000.

The values attached to the above items of property are those given to them by the debtor in his testimony. He declined, on the ground of inability, to estimate the value of his household

and kitchen furniture, but referred to it as "a little bit," and refused to swear first that it was worth over $100, and then that it was worth over $50. He stated that he claimed all of the property that was exempted in his favor. His testimony did not fix the value of his interest in the 168 acres of land save as indicated by the fact that it was purchased under a deed of trust securing a debt of $45. He had never had possession of the land, but his title had never been disputed save by the complainant in the pending proceeding. The opinion states all of the other facts relating to the controlling question discussed therein.

Section 1963, code of 1892, provides that the following, among other items of property owned by every head of a family, shall be exempt from seizure under execution or attachment: "(*a*) Two work horses or mules, etc.; (*b*) two cows and calves; . . . (*g*) two hundred and fifty bushels of corn; . . . (*i*) five hundred pounds of pork; . . . (*k*) one wagon, etc.; . . . (*r*) household and kitchen furniture not exceeding two hundred dollars in value."

Under § 1971, code 1892, the exemptionist, residing in any city, town or village, is allowed the land and buildings owned and occupied by him as 'a residence, not to exceed in value $2,000, and personal property, to be selected by him, not to exceed in value $250, or the articles specified as exempt to the head of a family.

The provisions of chapter 8, code 1892, require that all general assignments shall be filed in the chancery court of the proper county, and the trusts thereby created administered in said court; and by § 124, code, contained in said chapter, it is provided that, unless the specified data shall appear on the face of the assignment, the assignee shall file, in said court, with said assignment, schedules, under oath, containing certain data; and that in case of his noncompliance with such requirement, the assignment shall be void as to all preferences contained in it.

The assignment in the case at bar did not contain the specified

data, nor was it, or the schedules mentioned, filed in the chancery court; and thus arose for determination the question of whether the assignment was a partial one or a general one, and subject to the provisions of the code chapter. The court below held that it was a partial assignment, and dismissed the bill of complaint, and complainant appealed.

*E. E. Baldwin,* for the appellant.

The assignment was a partial one in name only, shaped to get the benefit of the decision in *Jones* v. *McQuien,* 71 Miss., 98. It conveyed substantially all of the debtor's unexempt property, and was therefore a general assignment, and the preferences contained therein were void for noncompliance with the statute governing general assignments.

*Nugent & McWillie,* on the same side.

A general assignment is one having the following characteristics: (1) A transfer of the debtor's property, (2) a trust created, (3) an appropriation of the property to the payment of his debts, (4) full power in the trustee to sell any or all of the property to fully execute the trust reposed in him. · *Ginther* v. *Richmond,* 18 Hun (N. Y.), 232; Burrill on·Assignments (6th ed.), pp. 3 and 4. "An assignment of all of one's property, for the benefit of all of one's creditors, is clearly a general assignment." *Dana* v. *Lull,* 17 Vt., 390. "A general assignment must include substantially all a man's property, and a partial assignment must omit some substantial portion of the property, and cannot be made to rest upon a mere colorable omission." *Mussey* v. *Noyes,* 27 Vt., 474; *Longmire* v. *Goode,* 38 Ala., 577. An exception of a trifling amount by accident or design, will not alter the character of the·conveyance in this respect. Burrill on Assignments (6th ed.), p. 124.

In *Mussey* v. *Noyes, supra,* it was remarked that an assignment which includes all one's attachable property, and which is intended to close up one's business, and does so at once, is

clearly a general assignment, and although the assignment does not include absolutely, but only substantially, all of the debtor's property, the portion omitted being inconsiderable. See, also, *Bishop* v. *Hart's Trustees*, 28 Vt., 71; *Bank* v. *Noe*, 2 Pick., 21; *United States* v. *Clark*, 1 Paine, 629; *United States* v. *United States Bank*, 8 Rob (La.), 262; *McGilliard* v. *Krug*, 76 Ind., 28; *Dubose* v. *Carlisle*, 51 Ala., 590.

In *United States* v. *Clark*, *supra*, although the omitted portion was as much as $7,000, the assignment was held to be a general one; and in *Dubose* v. *Carlisle*, *supra*, the same result was reached, although the assigned property was worth but $20,000, and the omitted portion as much as $2,000, or one-eleventh of the whole.

The statute whereby all preferences contained in any general assignments are avoided in case of noncompliance with its terms, does not limit that class of instruments to such as may be designated general assignments by the makers thereof. Ch. 8 (§ 124), code 1892. The law does not suffer men, by the employment of convenient nomenclature, to determine the nature of their acts; and, if the debtor has transferred substantially all of his property, it is immaterial that he has, on its face, denominated the instrument a partial assignment. It will still be characterized and treated as a general one. *Kendall* v. *Bishop*, 76 Mich., 636.

The cases of *Jones* v. *McQuien*, 71 Miss., 98, and *Lowenstein* v. *Hooker*, *Ib.*, 102, do not touch the question here presented. Of course, where creditors insist that an instrument is a general assignment, and, at the same time, further insist that it should be set aside because of fraud in that it does not include all of the debtor's property, the court is necessarily confined to the terms of the instrument, when it comes to classify it, for there is nothing in the evidence to dispute the existence of other property, and thereby call in question the recital that it is a partial assignment. It would be strange doctrine to hold against the recital of an instrument that it was a gen-

eral assignment, and then set it aside because of the omission
of property of a value considerable enough to warrant its clas-
sification as a partial one. The court very properly declined
to aid such a project, but here we have a totally different case.

*Ben H. Wells*, for the appellee.

The assignment was, by its terms, a partial one, and the prop-
erty omitted from it was not so trivial in amount and value as
to require its designation as a general assignment, or compli-
ance by the assignee with the provisions of the code relating to
the administration of the trusts created by general assignments.
In view of the insufficiency of the showing as to omitted prop-
erty, the terms of the instrument determine its character. *Jones*
v. *McQuien*, 71 Miss., 98; *Lowenstein* v. *Hooker, Ib.*, 102.

W. R. HARPER, Special J., delivered the opinion of the court.

This is a bill in equity brought by H. & C. Newman *et al.*
against J. M. Black *et al.* to set aside an assignment made by
said Black for the benefit of his creditors.

It appears that on December 27, 1894, J. M. Black made an
assignment, with certain preferences, for the benefit of all his
creditors. The assignee treated this assignment as a partial
one, and took no steps to comply with the code provisions in
reference to general assignments. The essential part of this
assignment is as follows: "I, J. M. Black, a merchant doing
business in the town of Bolton, Mississippi, hereby convey and
assign to W. S. Wells, assignee, a portion of my assets described
as follows: My entire stock of goods, wares and merchandise
now in the store occupied by me in Bolton, Mississippi, known
as the Lacey store, together with all the fixtures and all other
articles of personal property in said store and connected there-
with; also my books of account, notes and accounts, and in-
debtedness due to me in said business, together with the deeds
of trust and other evidences of debt due in my said business."

The defendant, J. M. Black, was introduced as a witness for

complainants, and testified that, in addition to the property conveyed by the assignment, he owned at that time six head of cattle, one mule and wagon, one-third interest in 168 acres of Hinds county land, a homestead in Bolton, fifty bushels of corn, household goods worth about one hundred dollars, a small quantity of meat, and one hundred and seventy-five dollars in money in his pocket. There was evidence which tended to show that there was some defect in the trustee's sale at which J. M. Black purchased his interest in the land, but there was no evidence to show that anyone in interest had ever complained of such defect or seriously disputed Black's title. It was further shown that the one hundred and seventy-five dollars which Black claimed to have had in his pocket, not conveyed, consisted of twenty-five dollars in cash and a check on the First National Bank of Jackson for one hundred and fifty dollars, drawn by the Crook, Gaddis & McLaurin Co., before the assignment, to the order of J. M. Black, in payment of money which the latter had on deposit with them.

There was an amended bill, which charged the assignee with fraud in dealing with the trust property after it came into his hands, and some evidence was offered in support of it. The property conveyed by the assignment does not appear to have been worth over $2,500.

On the final hearing, the chancellor dismissed the bill; and complainants appealed.

We agree with the finding of the chancellor that the evidence fails to show any actual fraud sufficient to affect the validity of this assignment. But it is urged that the assignment, while purporting to be partial, is in fact general, in that it conveys substantially all of the assignor's property not exempt, and that, being a general assignment, it ought to have been so dealt with by the assignee. The principles of law governing such a case seem to be well settled, but the difficulty lies in applying them to the facts of a given case. Any assignment that purports to convey only specific property must be treated as a par-

tial assignment until the contrary be shown. But, if it be clearly shown that in fact it does convey all of the assignor's property liable for his debts, then it becomes a general assignment, regardless of its terms, and must be so dealt with. Nor will the omission of a trifling amount of property, for the purpose of evading this result, avail. No decision heretofore made by this court conflicts with this view. It is one thing to believe evidence to show that an assignor has retained and converted to his own use property not embraced in the terms of an assignment, and quite another thing to allow evidence to show that the specific property conveyed by an assignment does in fact cover all of the assignor's property.

But the evidence for the complainants themselves in this case shows that a substantial part of the assignor's property was omitted from the assignment. An undisputed claim, so far as this record shows, to one-third interest in one hundred and sixty-eight acres of Hinds county land, two head of cattle, twenty-five dollars in money, and, perhaps, a check for one hundred and fifty dollars, is too much property, in view of the small amount of the assets involved, and the general financial condition of our people, to be called trifling. The facts show that the assignment was partial, and the decree of the chancellor is

*Affirmed.*