IN RE ASSIGNMENT OF CATHERINE EUGENE.

JANUARY 23, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

CONDON, C. J.  This is an assignment for the benefit of creditors in accordance with the provisions of G. L. 1956, chapter 4 of title 10.  The cause is here on the assignor's appeal from a decree of the superior court authorizing the assignee to sell the assigned real property, certain furniture, furnishings and fixtures for $45,000.

In support of her appeal the assignor alleges that the decree is against the law and the evidence and the weight thereof, is an abuse of the superior court's discretion, is lacking in equity and fails to do justice.  At the hearing in this court on her appeal she contended that the assignment was intended to be only for the benefit of the creditors of her lingerie shop and not for all her creditors.  Predicated on the validity of such contention she argues that the superior

court erred in denying her motion to declare contestable the claims of creditors other than those creditors she had scheduled. In other words she insists that the assignment is a special and not a general assignment.

The assignee on the other hand contends that G. L. 1956, chapter 4 of title 10, does not authorize a special assignment and in any event that the terms of the deed of assignment clearly show that it is an assignment of all the assignor's property and hence must be for the benefit not merely of some but of all her creditors. He further argues that the superior court did not err in denying her motion and that such denial does not preclude her from contesting the intrinsic merits of any of the claims of creditors which have been filed.

There is no merit in the assignor's contention for two reasons. In the first place G. L. 1956, chapter 4 of title 10, in our opinion makes provision only for an assignment of all of an assignor's property for the benefit of all creditors. In other words it does not authorize either a partial or a special assignment as seems to be permissible under statutes in some other jurisdictions. See 6 C.J.S. Assignments for Benefit of Creditors §2, p. 1221. But even in one of such jurisdictions it was stated that if the assignment in fact clearly shows that "it does convey all of the assignor's property liable for his debts, then it becomes a general assignment, regardless of its terms, and must be so dealt with." *Newman* v. *Black*, 73 Miss. 239, 245.

In the second place the assignor's own deed of assignment contradicts her contention. By its very terms it makes no discrimination between her creditors but assigns all her property for the best interests of her creditors and as far as her intention is concerned it states she is desirous of making a fair distribution of her property "among her creditors." Nowhere in the deed does she state that the assignment is for the benefit of a special class of creditors nor is there any necessary implication therefrom to such effect.

Assuming without deciding that there may be a right in this state aside from statute for an assignor to make a partial or a special assignment, the deed of assignment in the case at bar would fail to qualify. Since it is an assignment of *all* the assignor's property it must be deemed a general assignment for the benefit of all the assignor's creditors regardless of her intention. Certainly in equity an attempted assignment of all the assignor's property for the benefit of only some creditors would not be countenanced. On our view of the law and the evidence, therefore, the superior court did not err in denying the assignor's motion.

The assignor makes a further contention that the decree is erroneous and should be reversed because the superior court ignored an offer of $46,000 for the property which was higher than the bid which was approved. The record discloses that on the order of the superior court the property was offered for sale on sealed bids to be accompanied by a deposit of 5 per cent of the bid. Only three bidders qualified under the conditions prescribed in the order. The highest qualified bid was for $45,000.

There was no bid for $46,000 although it was stated at the opening of the bids in court that someone would like to make an offer of $46,000. There was no formal bid of that amount and the suggestion apparently came from one of the lower bidders after the bids had been opened. The superior court in our opinion properly refused to consider any such offer. The assignor is mistaken in arguing as she does that the circumstances here were akin to those in *Imondi* v. *Paniccia,* 79 R. I. 272. A fair reading of that case will show that the facts there were strikingly different. It would appear from our reading of the transcript that the decree appealed from is in accordance with law and does justice and equity in the circumstances.

514

The assignor's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Frank C. Cambio,* Assignee.

*Edward F. J. Dwyer,* for assignor.